——o——

BANTHEMY KORTZENDORFER, Plaintiff in Error, vs. THE CITY OF ST. LOUIS, Defendant in Error.

1. *Practice, Civil, Pleading—Answer—Traverse of allegations of petition.—* When the new matter set up in the answer amounts to a complete defense to the suit, it is not necessary to traverse any of the allegations of the petition.

*Error to St. Louis Circuit Court.*

*W. H. H. Russell,* for Plaintiff in Error.

The answer must specifically and separately deny the matters intended to be put in issue. (Dare vs. Pacific R. R., 31 Mo., 480; W. S., 1015.)

A defendant cannot have two answers pending in the same case, one principal and the other supplementary. (Nedvidek vs. Myers, 46 Mo., 600.)

*E. P. McCarty,* for Defendant in Error.

I. The Statute contemplates the possibility of a supplemental answer as distinguished from an amendment, and if supplementary there must remain something to which it is a supplement. (W. S., 1035, § 10.)

II. The supplemental answer by itself constitutes a perfect defense to the plaintiff's suit.

ADAMS, Judge, delivered the opinion of the court.

This case is here on a demurrer to the defendant's answer which was overruled at Special Term and this judgment affirmed at General Term.

The action was for the amount of compensation for a lot which the City of St. Louis had proceeded to condemn for a public street, and the amount assessed, being $4,600.00, was placed in the Treasury, and a warrant drawn on this fund in favor of the plaintiff. The city refused to pay the warrant, and this suit was brought to enforce the collection.

The defendant first filed an original answer, denying all the allegations of plaintiff's petition,and alleging that one Williams claimed to be the owner of the lot and claimed the compensation money as his, and asked that he might be made a party for the purpose of interpleading so that the defendant might know to whom the money might be paid with safety.

At a subsequent term of the Court the defendant filed what is called a supplemental answer, alleging in substance, that since the commencement of this suit Williams had obtained a decree for the title to said lot to be vested in him on the payment of $1,000.00 in gold, to be deposited with the clerk for the plaintiff, and that the plaintiff had in fact received the $1,000.00 so deposited. To this supplemental answer the demurrer referred to was filed.

It is urged here that this answer forms no defense to the plaintiff's petition, because all the facts in the plaintiff's petition are not denied.

The law is, that any amendatory or supplemental answer must be complete of itself, and that when it is filed it amounts to an abandonment of any or all previous answers. It is not, however, necessary to constitute a complete defense to plaintiff's petition, that all the material allegations should be controverted. It is sufficient that the amendatory answer relied on sets up new matter constituting a bar to the plaintiff's claim. All material allegations in the petition not denied by such answer for the purposes of the pending case must be taken as true. Conceding this to be so, did the new matter relied on in the supplemental answer, bar the plaintiff's claim to the compensation for the condemned lot ?

Although when there is sufficient security of the compensation for condemned property, it may be said, that the owner is entitled to recover of the city the amount of such compensation, and the city is entitled to the property ; yet until the compensation is actually paid, a complete title does not pass.

So when the plaintiff's title to the lot was decreed to Williams, the proceedings for condemnation were still *in fieri*, that is to say, the condemnation money had not been paid, and it took the place of the lot, and became the property of Williams to be paid to him instead of the plaintiff.

The supplemental answer without any reference to the original answer, in my judgment fully states this defense, and as it was a complete defense of itself, it was not necessary in that there should also have been a denial of any of the material allegations in the petition.

Judgment affirmed. The other Judges concur