HENRY FUSSELLMAN, Respondent, v. WABASH
RAILROAD COMPANY, Appellant.

**Kansas City Court of Appeals, November 15, 1909.**

1. **MOTION FOR NEW TRIAL: Amendment.** The statute requiring motions for new trial to be filed within four days is mandatory and no motion for a new trial nor an amendment thereto can be properly filed after the expiration of that time, and where a motion is filed within the proper time an amendment filed after that time is a nullity and has no effect upon the original motion.

2. **RAILROADS: Negligence: Contributory Negligence.** By remaining in the car containing his household goods and horses, all night, when he could have returned to the caboose where his contract entitled him to ride, plaintiff was guilty of such negligence as precludes any recovery for injuries caused by the collision of his car with another.

3. ————: **Contributory Negligence.** To voluntarily place one's self in a place of danger and to remain there is guilty of contributory negligence and cannot recover for injuries received while in that position.

Appeal from the, Adair County Circuit Court.—*Hon. Nat M. Shelton,* Judge.

AFFIRMED (*upon condition*).

*J. L. Minnis* and *Higbee & Mills* for appellant.

(1)    The court erred in refusing to direct a verdict for defendant on plaintiff's claim for personal injuries and in refusing defendant's instructions 2 and 3. Bruce v. Railway, 116 S. W. 447; Richmond v. Railway, 133 Mo. App. 463; Crawford v. Stockyards Co., 114 S. W. 1063, top col. 1, by VALLIANT, C. J., and cases cited; 215 Mo. 414. (2)    The court erred in giving plaintiff's instruction 1. It purports to cover the whole case and ignores the defense of contributory negligence. Gabriel v. Railway, 112 S. W. 711; 115 S. W. 3, approv-

ing Krumm v. Railway, 71 Ark. 590; Harris v. Railroad, 89 Mo. 233; Hastings v. Railroad, 143 Fed. 260; Bruce v. Railway, 116 S. W. 447; Richmond v. Railway, 133 Mo. App. 463; Erwin v. Railway, 94 Mo. App. 297; Brewing Association v. Talbot, 141 Mo. 683; Monday v. Light Co., 119 S. W. 24, lower half col. 1, 25; Railroad v. Dickson, 143 Ill. 373, 32 N. E. 380; Heumphreus v. Railroad, 65 N. W. 466, and cases cited; Freeman v. Railroad, 131 Mich. 544.

*Weatherby & Frank* and *Campbell & Ellison* for respondent.

(1)   The filing of the amended motion for new trial was an abandonment of the original motion for new trial and the filing of the second amended motion was also an abandonment of the first amended motion. "The law is that an amendatory or supplemental answer must be complete in itself and when filed, it amounts to an abandonment of any or all previous answers." Kortzendorfer v. City, 52 Mo. 206. It has been held that mere taking leave to amend a pleading amounts to a withdrawal of the original. Roberts v. Company, 26 Mo. App. 98. To the same effect Walker v. Railroad, 193 Mo. 472. The filing of the amended and second amended motion for new trial was an abandonment of the original motion. Neither of the amended motions are preserved in the bill of exceptions and matter of error cannot be reviewed. It is the unexpected rather than the expected that happens in the great majority cases of negligence." 1 Joyce on Damages, sec. 90. "The negligence being established defendant is liable for all the consequences directly resulting therefrom, though the particular injury might not have been anticipated. In case the negligence is admitted or otherwise proved and the injurious consequences are immediate and flow directly from the negligent act, the person guilty of the act will not be excused for the reason that the particular consequences were unusual and could not ordinarily have been foreseen." Graney v. Railroad, 140 Mo. 98.

BROADDUS, P. J.—This is a suit for damages for injuries plaintiff claims he sustained to his person, and for injury to certain personal property by reason of the alleged negligence of defendant.

In January, 1907, plaintiff shipped some household goods, farming utensils, baled hay, and two horses and one mule over defendant's railroad from Kansas City to Kirksville. The property was all shipped in one car, the horses and mule being separated from the other property by a temporary partition.

The contract made it the duty of plaintiff to look after and care for the stock, and to look after the fastening of the door to the car, and for this purpose he was furnished with a key to the door. The plaintiff traveled in the caboose of the train, which when it reached Moberly en route, about six o'clock p. m., the car containing his property was switched onto a side track.

Plaintiff testified that after the car was switched he asked some one of defendant's employees when his car would leave and was informed that it would soon leave, that afterwards he went into the car to see about his animals and gave them some feed; that he remained in the car all night sitting upon some of his goods; that during the night but at what time he could not state the defendant's employees in switching caused some other car to strike his car with such force and violence that one of his horses was thrown through the partition and over a bedstead, demolishing the bedstead and injuring the horse, besides doing other damage; that he was also thrown down and rendered unconscious; that after he arrived at Kirksville he called the attention of the station agent to the injured condition of the horse; that afterwards he filed a claim against the company for damages to the horse but at that time made no claim for injury to his own person; and that he was unable to ascertain the extent of the injury to his horse until

several months thereafter when it became certain that it was permanent.

Plaintiff recovered damages for injury to his horse in the sum of $50, and $1,000 for injuries to his person.

The defendant in due time filed a motion for a new trial and in arrest of judgment; but after the expiration of four days, filed an amended motion, and later filed a second amended motion, neither of which amendments are set forth in the abstract; but the original motion is.

Respondent contends that the filing of the first amended motion was an abandonment of the original motion and the filing of the second amended motion was an abandonment of the first amended motion. The rule in such instances is that the filing of an amendment to a pleading or motion amounts to an abandonment of the original. [Kortzendorfer v. Kansas City, 52 Mo. 206; Roberts v. Company, 26 Mo. App. 1. c. 98; Walker v. Railroad, 193 Mo. 1. c. 472.] In a recent decision of this court, however, it is held that, the statute requiring motions for a new trial to be filed within four days is mandatory, and that no motion for a new trial nor an amendment thereto can be properly filed after the expiration of said time, and where a motion is filed within the proper time, an amendment filed after that time is a nullity, and as such has no effect upon the original motion. [Brinton v. Thomas, 119 S. W. 1016.] Under the authority of this case, and others, it is plain that as the original motion is contained in the abstract, the whole case is before this court as made by the bill of exceptions and record proper. [Mirrielies v. Wabash Ry. Co., 163 Mo. 470; State v. Brooks, 92 Mo. 542; Bank v. Bennett, 138 Mo. 494.]

Appellant claims that there is no evidence, so far as the issue relates to the injuries respondent asserts that he received to his person, that defendant's employees had any knowledge that he was in the box car at the

time; and that his injuries was the result of his own negligence.

On the contrary respondent insists that as it was made his duty "to attend to and care for his stock therefore he had the right to go into the car at any time, and that defendant had no right to assume that he would not be there at any particular time. The fact that plaintiff had horses . . . in the car made it the defendant's duty to exercise reasonable care to avoid injury. The defendant, therefore, owed to plaintiff a duty regardless of whether plaintiff was in or out of the car, and that duty was to handle the particular car with care so as to avoid unnecessary injury, and whenever defendant breached that duty and injury resulted from such breach, plaintiff was entitled to recover therefor."

It is said: "The negligence being established defendant is liable for all the consequences directly resulting therefrom, though the particular injury might not have been anticipated. In case the negligence is admitted or otherwise proved, and the injurious consequences are immediate and flow directly from the negligent act, the person guilty of the act will not be excused for the reason that the particular consequences are unusual and could not ordinarily have been foreseen." [Graney v. Railway, 140 Mo. l. c. 98] And a similar enunciation of the principle is found in Lawrence v. Company, 119 Mo. App. l. c. 327. The case of Batton v. Mo. Pac. Ry. Co., 172 Mo. 92, relied on by respondent has no application.

There can be no question but what defendant's act in producing the collision was the immediate cause of respondent's injuries, and that it should answer in damages, unless under the circumstances the appellant owed respondent no duty to look after his safety while in the car or that he was guilty as a matter of law of contributory negligence.

After respondent went into the car and looked after his stock and fed them, which only occupied a few mo-

ments of time, he had no further duty to perform and his remaining therein afterwards until next morning was purely voluntary. The appellant's agents did not and were not required to know that he would remain there during the entire night. No reasonable person would have anticipated that he would have done so. His place was in the caboose, not in the car. Under the circumstances the company owed no duty whatever to plaintiff, except not to injure him purposely. Furthermore we are of the opinion that appellant's employees had the right to assume that he would not quarter himself in the car for the night.

It is held in Barker v. Railroad Co., 98 Mo. l. c. 54, that, "the general duty of a railroad to run its train with care becomes a particular duty to no one until he is in a position to have the right to complain." This rule was quoted and approved in Frye v. Railway Co., 200 Mo. l. c. 407. Numerous cases might be marshaled to sustain this proposition, but we conclude that it is too well settled to be seriously denied.

The plaintiff furthermore was guilty of such contributory negligence as precludes his right to recover. Voluntarily placing himself in the car, and there remaining until the collision occurred was a voluntary, unusual and unnecessary act which he was not required to do under his contract. He thus voluntarily placed himself in a place of danger as the result showed. It is true he may not have anticipated danger. In that respect he stands in no better position than appellant who could not have reasonably anticipated that he would be in the car. Both stand *in pari passu*, without preference. It was a question of law under the evidence and appellant's demurrer to the respondent's claim for his personal injuries should have been sustained.

The appellant's contention that the court committed error in instruction numbered two given for plaintiff wherein it was assumed that plaintiff's horse was injured by defendant carelessly and negligently running

a car against the car containing said horse.   Taken in connection with instruction numbered one which properly directed the jury on the question of negligence the jury could not be misled.   Besides the purpose of the instruction was only to direct the attention of the jury as to the question of damages and not to that of its liability.

That appellant was liable for the injury to the horse there can be no question.

The cause is reversed and remanded unless respondent will within ten days enter a remittitur for $1,000, in which case the judgment will stand affirmed.   All concur.