HARVEY S. WHEELER, Appellant, v. NICHOLAS R. WALL, Respondent.

St. Louis Court of Appeals, May 2, 1911.

1. NEGLIGENCE: Automobile Collision: Excessive Speed: Driving on Wrong Side of Road: Contributory Negligence: Facts Stated. Plaintiff's automobile came around a sharp curve in the road at a speed of twenty to twenty-five miles per hour, though trees and shrubbery prevented seeing more than thirty-five or forty feet ahead, and, in an endeavor to avoid defendant's automobile, approaching at a speed twenty-five or thirty miles an hour and on the left side of the road, when, according to custom it should have been on the right, plaintiff's car was wrecked by running into the abutment of a bridge. Plaintiff's chauffeur was familiar with the locality, and knew that the road was in constant use by automobiles running at high speed, and that, at the point of the meeting, cars coming from the opposite direction would be likely to be on the wrong side of the road, to avoid broken stone on the other side. *Held*, that defendant was negligent in running his car at a high rate of speed on the wrong side of the road; *held*, *further*, that plaintiff's chauffeur also was negligent in operating the machine around a short curve, where his view was obscured, at the high and dangerous speed of twenty to twenty-five miles an hour, and that the negligence was mutual and concurring and hence plaintiff was not entitled to recover.

2. ———: Contributory Negligence: Ability of Plaintiff to Avoid Consequences of Defendant's Negligence. In an action for personal injuries, where it appears the injuries received might have been averted and the consequences of defendant's negligence avoided by the exercise of ordinary care on the part of the injured person, he is not entitled to recover, the case being one of mutual and concurring negligence, with respect to which the law will neither cast all of the consequences on the defendant nor attempt to apportion them between the parties; and where it appears that, though defendant was negligent, the injury would not have occurred but for the negligence of plaintiff as well, contributing proximately thereto, a recovery will not be allowed.

3. ———: Automobile Collision: Contributory Negligence: Failure to Think of Dangers. In an action for damages sustained in a collision between two automobiles, where it appeared that plaintiff's chauffeur was familiar with the locality and knew that the road was in constant use by automobiles, running at

high speed, the fact that he did not think, at the time being, of the probable presence of other automobiles will not operate to excuse him from contributory negligence in operating his machine at a high rate of speed, but, on the contrary, tends to prove negligence on his part, for an ordinarily prudent person would have thought of such danger, under the circumstances.

4. ———: ———: ———: **Approaching Dangerous Situation.** A person driving a conveyance is required to approach known dangerous situations, such as railroad crossings, with his conveyance sufficiently under control to enable him to avoid a collision, and if he fails to do so, he is guilty of contributory negligence as a matter of law; and while the strict rule would not obtain in every case of collision between automobiles, its application is proper where the evidence of the case discloses a situation almost as dangerous to a reckless driver as those which obtain at railroad crossings.

5. **APPELLATE PRACTICE: Harmless Error: Appellant Not Entitled to Recover.** Where, on the conceded facts, plaintiff was guilty of contributory negligence as a matter of law, a judgment for defendant will be affirmed, regardless of errors at the trial.

Appeal from St. Louis Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

AFFIRMED.

*W. B. & Ford W. Thompson* for appellant.

*Watts, Dines, Gentry* and *Lee* for respondent.

NORTONI, J.—This is a suit for damages accrued because of the negligence of defendant in causing plaintiff to destroy his automobile through colliding with an abutment of a bridge, in endeavoring to avert a collision with the automobile of defendant. The finding and judgment were for defendant and plaintiff prosecutes the appeal.

It appears both plaintiff and defendant are members and patrons of the Glen Echo Country Club, near the city of St. Louis, and the injury to plaintiff's automobile occurred on the grounds of that institution.

Plaintiff's automobile was in charge of his chauffeur, who, at the time of the occurrence, was propelling it westward over the private road of the club to the clubhouse, at a rate of speed conceded to be from twenty to twenty-five miles per hour. Defendant's automobile was en route east from the clubhouse toward the city on the same road, at a rate of speed from twenty-five to thirty miles per hour when it came near colliding with that of plaintiff, immediately after crossing a bridge in a secluded valley. As stated, plaintiff's chauffeur was propelling his machine at twenty to twenty-five miles an hour to the westward and came around a sharp curve in the road a short distance east of the bridge, where his view was wholly obscured by shrubbery and other growing vegetation, when he observed defendant's automobile coming toward him off of the bridge on the same side of the road at a high and dangerous rate of speed. Upon observing the approach of defendant's automobile, plaintiff's chauffeur abruptly turned his machine to the right in order to avert a collision, thereby causing it to collide with the stone abutment on the north side of the bridge. Plaintiff's automobile so abruptly turned to the right ran over and crushed to the earth a small sapling and was propelled into the north stone abutment of the bridge with such force as to utterly demolish the machine. Plaintiff's chauffeur alone was riding in his automobile, while three ladies, with defendant's chauffeur, were in that of defendant.

The specification of negligence relied upon in the petition relates to a violation of a rule or custom of the Glen Echo Club which requires automobiles and other conveyances to move forward on the right-hand side of the road. The private roadway involved runs to the clubhouse at the westward through the club grounds from what is known as the Lucas and Hunt public road on the east. Immediately after entering the grounds of the Glen Echo Club from the Lucas and Hunt road on the east side thereof, the private way divides into two

separate roads which presently converge at the foot of a hill in the valley near the bridge and then traverse the same route across the bridge and to the top of the hill to the westward, where the clubhouse is situate. At the point where the two roads separate, large signs are set up with directions to keep to the right, and it appears thoroughout the case that the custom required conveyances going in either direction to keep the right-hand side of the road.

The evidence for plaintiff tends to prove that defendant's automobile came down the hill from the clubhouse at the westward and crossed the bridge near the center thereof and in part on the north side of the road, in order to obviate the rough stones on the right-hand side of the roadway immediately east of the bridge, when, in accordance with the custom, it should have occupied the south, or that which to it was the right-hand, side of the road entirely. But it appears as well from plaintiff's evidence, and it is conclusively established in the case, that it was customary for automobiles to cross the bridge, which was about twenty-five feet wide, near its center. However, it is to be conceded the evidence tends to prove negligence on the part of defendant and the same is certainly true with respect to plaintiff.

There are several arguments leveled against the action of the court in giving and refusing instructions and as to the reception and rejection of evidence at the trial, but it will be unnecessary to examine them, for it appears beyond question that the verdict is for the right party. Conceding negligence to have been shown on the part of defendant, it is obvious that of plaintiff contributed to and concurred in operating the proximate and efficient cause of the collision from which the damages are said to flow. The collision with the abutment of the bridge occurred about 2:30 in the afternoon at a time of the year when the club and its grounds were much frequented by members and others in automobiles. Plaintiff's proof discloses beyond controversy that his

chauffeur, who had been in his employ for four months, had driven his automobile over this road from two to three times each week and was entirely familiar with the grounds, the bridge, the fact that the view was obscured and all other circumstances attending the way. Besides, the chauffeur says, too, that he knew other automobiles were constantly passing either way on the same road at high speed and that they usually crossed the bridge near the center. As before stated, plaintiff's chauffeur alone occupied his automobile and repeatedly states that he was propelling it at the time at a rate of speed between twenty and twenty-five miles per hour around a curve toward the bridge, where his view was obscured so that he could not see more than thirty-five or forty feet ahead to the westward, from whence he had every reason to expect other automobiles to approach. The chauffeur frankly said that he knew automobiles were constantly passing to and fro either way on this road at a high rate of speed and that they usually crossed the bridge about the center part thereof. He was familiar, too, with the rough stone and gravel on the left-hand, or to him the south, side of the road, immediately east of the bridge, which in part occasioned automobiles to cross the bridge about the center to avoid puncturing the rubber tires on the rough stones when they came off of the bridge to the eastward. Notwithstanding this knowledge, the chauffeur says he came down the hill from the eastward and increased the speed of his car with the purpose to run the hill west of the bridge "on high gear," as he states it; this, too, with his view obscured around the sharp curve at a point in the road, which necessarily inhered with danger from the approach of other automobiles which he knew were constantly passing to and fro. When questions were propounded to him touching the probability of his meeting and colliding with other automobiles crossing the bridge, he said he wasn't thinking about that, but instead was thinking about "making the hill on the

other side." On this matter, the following question and answer are typical of his examination:

"Q. When you came down that road, if you had thought about it, you would have known that you were just as apt as not to meet a car right in the middle of that road going east? A. Yes, sir, if I had thought about it."

Immediately after defendant's automobile had crossed the bridge and when from fifteen to twenty feet east thereof, plaintiff's automobile came around the curve to the westward from behind the foliage "about twenty-five or thirty feet away." To avert a catastrophe, defendant's chauffeur turned his automobile into the rough or rocky portion of the road on the south or, as to him, right-hand side, with no more serious result than the puncture of a tire, while plaintiff's chauffeur turned his to the northward and collided with the north stone abutment of the bridge from forty to fifty feet ahead of him. Though the evidence tends to prove defendant was negligent in running his car at a high rate of speed on the side of the road other than that which the custom suggested, it is entirely clear plaintiff's chauffeur was culpably negligent as well.

There is naught in the case suggesting the negligence of defendant was proximate and that of plaintiff remote, so as to invoke the principle involved in the last clear chance doctrine, and, indeed, such is not relied upon for a recovery, but, on the contrary, the theory asserted is, that defendant's negligence alone was the proximate cause of the injury, while plaintiff exercised ordinary care at all times for the safety of himself and the automobile he was driving. No one can doubt the general rule which condemns a plaintiff's cause when it appears the injury received might have been averted and the consequences of defendant's negligence avoided by the exercise of ordinary care, under the circumstances, on the part of the injured person, who has omitted to do so. In such circumstances, the case is one of mutual

fault and concurring negligence, with respect to which the law will neither cast all of the consequences on the defendant nor attempt to apportion them between the parties. When, therefore, it appears that though defendant was negligent, the injury would nevertheless not have occurred but for the negligence of plaintiff as well, which contributed proximately thereto, a recovery will not be allowed, because such mutual fault or concurring negligence operate proximately together. [Cooley on Torts (3 Ed.), sec. 812; Moore v. Lindell Ry. Co., 176 Mo. 528, 75 S. W. 672.] It is clear that the collision of plaintiff's automobile with the stone abutment would not have occurred but for the negligence of plaintiff in approaching the bridge on a secluded roadway, around a sharp curve, with his view obscured, at a high and dangerous rate of speed between twenty and twenty-five miles per hour. As to this matter, his knowledge of the situation and the probability of meeting other automobiles crossing the bridge about the center, as he did, are to be considered, for they are circumstances which devolved upon plaintiff's chauffeur the duty to exercise ordinary care in propelling his automobile in a manner affording an opportunity to stop or avoid collisions without danger to either. The fact that plaintiff's chauffeur did not think at the time being of the probable presence of other automobiles does not operate to excuse him but on the contrary tends to prove carelessness with respect to his conduct in the circumstances of the case, for one is required to exercise that degree of prudence and care which attends the conduct of an ordinarily prudent person, and it goes without saying that an ordinarily prudent person does think of such dangers. That one in a conveyance is required to approach known dangerous situations, such as railroad crossings, with his conveyance sufficiently under control to enable him to avoid a collision, on pain of being declared guilty of contributory or concurring negligence as a matter of law, is the rule of decision beyond question; and especially is this

true when the view is obscured. [Dey v. United Rys. Co. of St. Louis, 140 Mo. App. 461, 120 S. W. 134; 3 Elliott on Railroads, secs. 1164, 1165, 1166; Washington, etc., R. Co. v. Lacey, 94 Va. 460, 475.] To the suggestion that the rule ought not to obtain with respect to automobiles, for the reason the extraordinary dangers which inhere in a railroad crossing are not always present with respect to such conveyances, we answer the conceded facts of the case disclose a situation almost, if not fully, as dangerous to a reckless driver, for the proof is, that besides the roadway being narrow and secluded and the view of plaintiff's chauffeur obscured beyond thirty to thirty-five feet by thick foliage around the sharp curve, automobiles were constantly passing in either direction at high speed, which, because of the rubber tires, afforded no warning of approach, and all of this plaintiff's chauffeur well knew at the time. Of course, the strict rule would not obtain in every case of collision between automobiles, but its application is manifestly just in this one, for had plaintiff's chauffeur exercised reasonable care in the premises to control the speed of his automobile, the collision would not have occurred. The case is obviously one of mutual and concurring negligence, where the fault of the plaintiff contributed with that of the defendant to the collision with the abutment, which resulted in demolishing plaintiff's automobile. The court should have peremptorily directed a verdict for defendant.

In this view, the judgment should be affirmed, as it is for the right party, though there may have been error committed on the trial, as to which matter we express no opinion. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.*, and *Caulfield, J.*, concur.