# Weekly Advance Abstract Opinions
## CURRENT OHIO COURT OF APPEALS CASES

### No. 151
### SHEDD CREAMERY CO. v. LOUIS M. DORF
Ohio Court of Appeals, Lucas County
No. 1255, Jan. 15, 1923
This Opinion Has Received No Other Publication

**JUDGMENTS—Rule as to reversal where evidence is conflicting.**

Error to Court of Common Pleas

EPITOMIZED OPINION

KINKADE, J.:

An action was brought by Dorf for damages for breach of personal service contract. On the trial of the cause the evidence was conflicting as to whether or not the creamery company, his employer, was justified in discharging Dorf.. The jury found for Dorf. The creamery company endeavored to get the judgment reversed on the grounds that the judgment was against manifest weight of evidence. Held:

1. That where the evidence is conflicting and even though the court might arrive at a different conclusion from that which the jury arrived at, that if there is sufficient evidence that reasonable minds would differ as to the finding of fact, the court cannot reverse.

Attorneys—Denman, Kirkbride, Wilson & McCabe, for plaintiff in error; Otto L. Hanflinson, for defendant in error.

### No. 152
### L. B. CLARK v. S. S. SALBERG
Ohio Court of Appeals, Cuyahoga County
No. 4114, Jan. 15, 1923
This Opinion Has Been Published in
The Abstract Only

**CONFIDENTIAL RELATION**

Error from Cleveland Municpal Court

EPITOMIZED OPINION

PER CURIAM:

This case involves the right of the plaintff to recover compensation for negotiating a lease between the lessor and lessee. On the trial testimony developed the fact that the plaintiff was acting as the agent of both the lessor and lessee, the fact that he was acting as agent for the lessee not having been disclosed to the lessor.

Held:

He could not recover, if he were acting for both parties without making full disclosure of the same.

Attorneys—D. M. Balder, for Clark; F. C. Printy, for Salberg.

### No. 153
### MARQUARD v. MOORE
Ohio Court of Appeals, Cuyahoga County
No. 4079, Jan. 22, 1923

**PERSONAL INJURY—Obstruction of vision as proximate cause of—Violation of ordinance giving rise to action for.**

Error to Common Pleas Court

EPITOMIZED OPINION

VICKERY, J.:

Evelyn Marquard, while crossing a street in Cleveland, was struck by an automobile, through no fault of the driver, and injured. Moore is the owner of an ice wagon which, in violation of two city ordinances, was parked on the wrong side of the street and nearer than 15 feet to the street intersection. Marquard, immediately after passing around the ice wagon, which, it is claimed, obstructed her view of the street, was struck by the machine. Held:

1. The obstruction of one's sight cannot be said to be the proximate cause of an accident occurring after the person has passed around the obstruction.

2. Violation of city ordinances or of statutes, give rise to actions only in favor of parties for whose benefit the ordinance was enacted.

Attorneys—Howell, Roberts and Duncan, for Marquard; I. Grohs and C. F. Schuler, for Moore.

### No. 154
### NIMBERGER v. STATE
Ohio Court of Appeals, Cuyahoga County
No. 4408, Jan. 22, 1923

**EMBEZZLEMENT—(1) By persons occupying fiduciary relation—(2) Distinction between employes and factors under del credere commission.**

Error to Common Pleas Court

EPITOMIZED OPINION

LEVINE, J.:

Nimberger, by an agreement with the Parisian Candy Co., sold goods for the Candy Co., Nimberger paying his own expenses, collecting payment for goods sold and turning over the amount collected to the Candy Co. The settlement was made at intervals of several weeks, Nimberger receiving 8% commission. Nimberger also guaranteed payment by the persons to whom he sold, to the extent of 50% of the amount of the sale. Upon Nimberger's failure to turn over to the Candy Co. certain sums due it, Nimberger was indicted for embezzlement. The question arises as to whether Nimberger was a debtor of the Candy Co. or an employe occupying a fiduciary relation to it. Held:

1. Embezzlement is a crime which can be committed only where one person occupies a fiduciary relation to another, and it does not apply to relationships where one person is obligated to pay another as principal debtor. Factors under a del credere commission are liable as principal debtors and not collaterally.

2. One who works for an employer for a salary or wage is an employe. A factor who in consideration of an additional commission guarantees payment to the principal of debts becoming due through his agency, acts under a del credere commission.

Attorneys—L. S. Mills, for Nimberger; E. C. Stanton, for State.

### OHIO STATE BAR ANNUAL MEETING

Annual meeting of the Ohio State Bar Association will be held at Cedar Point, July 10, 11 and 12, 1923. At this meeting it is expected that the Association will take a definite stand on what it considers the best method of selecting judges. This question is being studied by the Committee on Judicial Administration and Legal Reform. They are making a research of the present methods of selecting judges in other states and are also making a complete survey of changes which have been proposed by a number of states that are not satisfied with their present method of selecting judges. County bar associations have also been requested to have committees investigate this matter.

President George B. Harris and the Executive Committee are now laying their plans for the summer meeting and would welcome suggestions as to desirable speakers and also suggestions for special topics to be considered by the Association at the forthcoming meeting.