KNOPE *v.* SPRINGETT.

NEGLIGENCE—MOTOR VEHICLES—CONTRIBUTORY NEGLIGENCE IN DRIV-
ING AROUND A CURVE AT 20 TO 25 MILES AN HOUR QUESTION FOR
JURY.

Whether a speed of 20 to 25 miles an hour, in the night-
time, around a curve on a much traversed highway, in
view of Comp. Laws Supp. 1922, § 4817, requiring a driver
traversing a curve to have his car under control, constituted
contributory negligence barring plaintiff's right to recover
for damages caused to him when defendant, in attempting
to pass a truck in front of him, negligently drove his car
on the wrong side of the highway and collided with plain-
tiff's car, *held*, by a divided court, a question for the jury.[1]

Error to Jackson; Williams (Benjamin), J.     Sub-
mitted October 14, 1924.     (Docket No. 84.)     De-
cided December 10, 1924.

· Case by Robert Knope, an infant, by his next friend,
against Stephen Springett for personal and other in-
juries.     Judgment for plaintiff.     Defendant brings
error.     Affirmed by an equally divided court.

*Richard Raudabaugh* and *Don T. McKone,* for ap-
pellant.

*John Simpson* and *Louis E. Burke,* for appellee.

CLARK, C. J.     Plaintiff, in the nighttime, driving
his automobile, with lights dimmed, in an easterly
direction along a public highway with which he was
familiar, 18 or 20 feet wide, nearing a curve, reduced
speed to between 20 and 25 miles per hour, and was
rounding the curve when he met an automobile coming
in the opposite direction.     Plaintiff proceeded on his

[1]Motor Vehicles, 28 Cyc. p. 49.

right side of the road, the other automobile, which proved to be a truck, keeping to its side of the road. Plaintiff, as he says, was passing the truck several feet from it and was just completing the curve when defendant's car, driven from behind the truck, in an attempt to pass on its left, came into collision with plaintiff's car.    Plaintiff testified:

"I was about to pass the truck when the lights, bright lights, flashed out from behind the truck, and I pulled my steering wheel so I could get into the ditch, but before my wheels even had a chance to take hold and turn for the ditch, I was struck in the side; in the side of the car."

And his companion testified:

"We were just nearing the end of the curve, and didn't quite get beyond the truck that was coming from the opposite direction, when the other car, with bright lights, suddenly swerved out and Mr. Knope immediately headed the car for the railroad track to try to avoid the accident, the collision, but that was impossible, and it struck us a sideswipe, and knocked our car over on the railroad track, throwing the driver out, and myself part way through the windshield."

Respecting the exact point of the accident, plaintiff testified that he was "just completing the curve," "I met him in the curve," "my lights" were coming into the road.    The accident happened just as "I completed it" (the curve).    His companion testified that the accident happened as "we were just nearing the end of the curve."    Defendant had been following the slowly moving truck for considerable distance and had been unable to pass it because of cars moving in the opposite direction.    He did not know of the curve, and at the point stated, seeing no lights of approaching cars, attempted to pass the truck.    The degree of the curve is not shown, but we quote from plaintiff's testimony:

"*Q.* Of course, you couldn't see the road—

"*A.* (Interrupting)     Yes, sir.

"*Q.* (Continuing)—only immediately ahead of you as you came to the curve?

"*A.* No, sir.

"*Q.* And your lights would be thrown off of the road, wouldn't they?

"*A.* Yes, sir.

"*Q.* And you couldn't see beyond the curve with your lights, because they would shoot off at a tangent?

"*A.* At that time (time of the accident), they were coming into the road.   *   *   *

"*Q.* In other words, as you were driving east from Ann Arbor, and going into the curve, your lights would shoot straight ahead of your car, and off beyond the road?

"*A.* Yes, sir."

The highway is known as the Baker road, between Ann Arbor and Ypsilanti, and carries considerable traffic, as the plaintiff knew.   The view across the inside of the curve was obstructed.   Plaintiff had verdict and judgment.   Defendant brings error and insists that plaintiff was guilty of contributory negligence precluding recovery.

Assuming that defendant was negligent in "suddenly darting out from behind the truck" in an effort to pass, as stated by the trial judge, we think that plaintiff was guilty of contributory negligence as a matter of law.   The statute, Comp. Laws Supp. 1922, § 4817, in part:

"Upon approaching an intersecting highway, a bridge, dam, sharp curve or steep descent, and also in traversing such intersecting highways, bridge, dam, curve or descent, a person operating a motor vehicle shall have it under control and operate it at such speed as is reasonable and proper, having regard to the traffic then on such highway and the safety of the public."

And Berry on Automobiles (3d Ed.), p. 197:

"Regardless of any statutory provisions, it is the duty of an automobile driver, when approaching a turn in the highway, or other place where extra precaution may be required to insure reasonable safety, to reduce his speed, and take such care as the danger of the situation demands."

The legislature in adopting this rule of the road (see *Niedzinski* v. *Coryell*, 215 Mich. 498) did not make a definite limit of speed for traversing a sharp curve, intersection, etc. In some of the States a limit is 6 miles an hour. Berry on Automobiles (3d Ed.), p. 198. It may be said confidently that had our legislature seen fit to limit such speed as applied to this case it would have been less than from 20 to 25 miles per hour. A curve of such degree that when rounding it as did plaintiff the head or dash lights illuminate the roadside, leaving the traveled way in comparative darkness, is a place where extra precaution is required. It has been held that 20 to 25 miles per hour is a dangerous rate of speed for driving around a sharp curve in the daytime, with the driver's view of the road obscured (*Wheeler* v. *Wall*, 157 Mo. App. 38 [137 S. W. 63]), and see *Quigley* v. *Yellow Taxicab Co.*, 225 Mich. 275. And in the case at bar, in rounding the curve the road itself was not illuminated, except perhaps immediately in front of the car, and thus the view was obscured. And there were obstructions to view across the inside of the curve. It was plaintiff's duty to round the curve at such a reasonable and proper rate of speed and with his car under such control that he could meet with safety the common situation with which he was confronted. *Hemington* v. *Hemington*, 221 Mich. 206. This he failed to do.

Judgment should be reversed, without a new trial, and with costs to defendant.

BIRD, SHARPE, and WIEST, JJ., concurred with CLARK, C. J.

.FELLOWS, J.    In the absence of more definite testimony than this record contains showing the character and degree of the curve upon which the accident occurred, I do not think we should hold as matter of law that plaintiff was guilty of negligence contributing to the accident.

I think the judgment should be affirmed.

MOORE, J.    I think the question of contributory negligence was one for the jury and therefore concur in the result reached by Justice FELLOWS.

MCDONALD and STEERE, JJ., concurred with MOORE, J.