## HALL v MEISTER et

Ohio Appeals, 4th Dist, Washington Co

Decided March 7, 1932

C. T. O'Neill, Marietta, and C. C. Middleswart, Marietta, for plaintiff in error.

Strecker & Williamson, Marietta, for defendant in error.

MAUCK, PJ.

The evidence tends to show negligent operation on the part of the defendants, and if this were the sole question the case was one which would have required submission to the jury.  The direction of the verdict by the trial court was predicated, however, upon the plaintiff's own testimony, which showed that long prior to the time when his cattle sickened and died he was aware not only of the presence of this fluid on his property and its accessibility to his cattle but was aware also of their likelihood to drink it and of its poisonous nature to them. The evidence unmistakably shows that he deliberately exposed his stock to this peril with the manifest purpose of suffering a loss for which he would be compensated by the defendants.  Manifestly, if this is a case of simple negligence, the plaintiff could

not recover because of his contributory negligence. He now claims, however, that under the doctrine of **Payne v Vance, 103 Oh St 59,** the defendants were guilty of wilful and wanton negligence and that the defense of contributory negligence can not be invoked by one who has wilfully or wantonly injured another.

The Vance case points out the difference between a liability resulting from simple negligence and the wilful or wanton torts of another. It would seem that the very difference pointed out in the Vance case would require one relying upon making proof of wilful and wanton acts to plead such facts as would remove the case from one of the field of simple negligence to the different field of wilfulness or wantonness. There is nothing in the petition to indicate that plaintiff sought to recover upon anything save simple negligence except the use by him of the word "reckless," and it is not in our judgment sufficient to convert the case into one of wilfulness and wantonness by adding that word to the other language used to describe the defendants' negligence.

The plaintiff, however, could not in this case recover if in fact he had pleaded and had proved a case of the kind now claimed for him. Conceding for the purpose of this opinion that the defendants were guilty of a wanton violation of the plaintiff's right, it is abundantly clear that the plaintiff was altogether wilful in courting the damages that he suffered. He deliberately exposed his livestock to a dangerous substance which he at the time knew that they would drink and that they would be poisoned thereby.

In a note to Spillers v Griffen, L. R. A., 1918D, 1195, the editor has gathered numerous cases, all of which with the exception of those in Alabama hold that wilful or wanton conduct on the part of the injured person prevents recovery in an action based on the wilful or wanton conduct of the defendant. Of like import is the collection of authorities in the note to Hinkle v Railway Co., 41 A. L. R. 1379.

The plaintiff's conduct constituted an insuperable bar to recovery upon any theory of the case.

Judgment affirmed.

MIDDLETON and BLOSSER, JJ, concur.