## WALKER v. SOUTHERN ADVANCE BAG & PAPER CO., Inc.

### No. 4540.

Court of Appeal of Louisiana. Second Circuit.

Dec. 1, 1933.

Elder & Elder, of Ruston, for appellant.

Wayne Stovall, of Jonesboro, for appellee.

MILLS, Judge.

On September 6, 1932, plaintiff was engaged in selling, hauling, and delivering pulp wood to the mill of defendant at Hodge, La. The customary method of delivery, and that followed in this instance, was to drive the log-laden truck alongside of an endless chain conveyer operated as a part of defendant's mill, upon which the logs were placed lengthwise in a trough and carried automatically by the conveyer into the plant. At the time of the accident another truck was unloading below the position of plaintiff. After plaintiff had partially unloaded his truck, he observed that a log had lodged on the stationary side of the conveyer in such a position that, if struck by a moving log, it would fall upon the fender of his machine and destroy his battery attached' to the fender. To prevent this threatened injury to his property, plaintiff mounted the conveyer, stepped across the moving chain, and, standing upon his left foot on the far edge, reached over with his right foot and kicked at the stranded log to get it back in its proper position on the conveyer. While in this straddling position a log placed on the conveyer by those unloading below, coming up the conveyer in a crosswise position, caught the left foot upon which he was standing and inflicted serious injuries, for which damage is claimed under the provisions of article 2315 of the Civil Code.

The only act of negligence alleged by plaintiff is that the log which injured him was placed upon the conveyer in an improper crosswise manner by the servants of defendant in the course of their employment.

No employees connected with the mill proper were assigned to work on this conveyer, to attend to it, or to assist in the unloading and placing of logs upon it; this work being done wholly by those hauling the logs. The only testimony in regard to the connection between the defendant company and the negroes engaged in unloading the log which struck plaintiff is that they were employed by Mr. Hammons, who had contracted to haul logs belonging to defendant company. There is no evidence as to what the arrangement was between the defendant company and Hammons covering the hauling.

Defendant denied any act of negligence or that any of its employees were responsible for the misplacement of the log, and, in the alternative, pleaded the contributory negligence of plaintiff in not keeping a proper lookout for logs which had gotten crosswise on the conveyer; that plaintiff knew, or should have known, the danger from this source. The testimony in the case clearly shows that plaintiff had been hauling logs to this conveyer for a long period of time; that to his knowledge logs frequently got misplaced upon the conveyer, sometimes necessitating shutting down its operation. It also clearly shows that, while engaged in kicking at the stranded log, he maintained no lookout whatever for danger from the moving logs.

The lower court found in a written opinion that plaintiff had failed to prove any negligence on the part of defendant or its employees. That plaintiff was himself negligent in not keeping a proper lookout for a danger well known to him after placing himself in a perilous position, and that the possible damage to a truck fender and battery did not justify plaintiff in taking the risk entailed in mounting the conveyer. He accordingly rejected plaintiff's demands. Plaintiff is appealing from this judgment.

We think that plaintiff was clearly guilty of contributory negligence, as pleaded, in placing himself astraddle these moving logs, well knowing from long experience the danger from logs that frequently got crosswise, without keeping any lookout whatever for this known danger. This negligence on the part of plaintiff being sufficient to defeat his recovery, it is not necessary to pass upon the other defenses urged by defendant.

For the reasons assigned, the judgment appealed from is affirmed.