## KALMON, a minor, etc v STUMPF, a minor, etc

Ohio Appeals, 9th Dist, Summit Co

No 2385.   Decided April 2, 1934

H. S. Subrin, Akron, and H. B. Harris, Akron, for plaintiff in error.

Musser, Kimber & Huffman, Akron, for defendant in error.

302

## OPINION

By FUNK, J.

The motion filed by defendant in this court to dismiss the petition in error for want of jurisdiction because there was no final judgment in the Common Pleas Court, is overruled.

First. Counsel for plaintiff claim that this latter entry shows that the motion was treated the same as a demurrer and amounts to a dismissal of the petition because it does not state facts sufficient to constitute a cause of action.

We do not agree with this claim, for the reason that a demurrer on that ground attacks the petition as a whole, and so far as these entries are concerned, nothing was considered except said ordinance and the paragraph on page 3 of the petition set out in the motion. There is nothing in the entries to indicate that the court considered the question as to whether the petition stated a cause of action, either inclusive or exclusive of the matter stricken out. We think rather that the language of these entries indicates that the plaintiff in effect refused to amend his petiiton by complying with the order of the court requiring him to strike from the petition certain ordinances and a paragraph in reference thereto, apparently upon the idea that the petition did not state a cause of action without them; and that the court therefore dismissed plaintiff's petition for failure to comply with said order to strike, and not because the petition did not state a cause of action.

Second. Counsel for plaintiff contend that the ordinances which the court struck from the petition are all relevant and of "probative value" concerning the points at issue, that they were intended for the benefit of the public generally and include the plaintiff while riding on the running board, as well as for other vehicular travelers or pedestrians, and that plaintiff was not guilty of contributory negligence as a matter of law merely because he was riding on the running board, as the ordinance in question (§172-45, subdivision k) was not directed against the person riding on the running board, but only against the operator of the automobile in permitting plaintiff to ride thereon.

Counsel for plaintiff further claim that, since the petition alleges that plaintiff's injuries were the proximate result of the wanton negligence of defendant, the plaintiff's conduct, whether it amounted to contributory negligence or not, would not be a bar to his right to recover.

The sole question before this court is whether the Common Pleas Court erred in sustaining the motion to strike said ordinance and specifications of negligence from the petition.

Counsel for defendant, in support of their motion to strike, cite, and apparently rely upon, the case of **Slicker v Seccombe, 42 Oh Ap 357, (12 Abs 507)**.

We need only call attention to the fact that the ordinance in the Slicker case was against the one riding on the running board for so riding, instead of against the operator of the automobile for permitting one to so ride, and that the action in that case was against the operator of another automobile and not of the automobile on which the plaintiff was riding, to show that that case has little, if any, application to the instant case.

As we view it, a determination of this question depends upon the answer to two principal questions:

1. Is plaintiff one of a class or group intended by the legislature to be benefited by any of the ordinances which were stricken from the petition by the court below?

2. Even though it could be said that plaintiff is one of the general public intended to be benefited by the provisions of any of said ordinances, are they pertinent to plaintiff's cause of action as stated in the other allegations in the petition?

Huddy's Cyclopedia of Automobile Law (9th ed.), vol. 3-4, §33, p. 63, states the following general rule as supported by the weight of authority:

"In case of the violation of a statute or municipal ordinance by an automobilist, only those classes of persons for whose benefit the regulation was enacted can plead the violation and secure the advantage afforded by the general rule * * *."

This rule is recognized in Ohio in the case of **Schell v DuBois, 94 Oh St 93**, which

is frequently cited as establishing the rule in Ohio that the violation of an ordinance is negligence per se, and in which case Judge Johnson, in the opinion on page 107, in discussing negligence as a result of the violation of a statute or ordinance, said:

"Negligence is the failure to comply with some duty imposed by law. But in order that an act of negligence may be the predicate of an action, it is necessary that the duty should have been imposed for the benefit of the person injured and that the violation of the duty be the proximate cause of the injury."

And in the case of **Marquard v Moore, 1 Abs 202,** opinion by Judge Vickery, syllabus 2 reads:
"2. Violation of city ordinances or of statutes, give rise to actions only in favor of parties for whose benefit the ordinance was enacted."

Measuring the ordinance in question by this well-established rule, may plaintiff plead them in support of his claim of negligence on the part of the defendant?

It is apparent from the language of §170-1 that this section was passed for the benefit "of pedestrians and drivers and occupants of all other vehicles," but it is contended by counsel for plaintiff that the following language in said section: "so as to endanger the life, limb or property of any person while in the lawful use of the streets or highways of said city," is broad enough to include plaintiff, even though he was in the same vehicle rather than in an "other," because his being "on the running board does not necessarily mean that he was not in the lawful use of the street."

We cannot agree with this contention, as plaintiff, by his conduct, was causing the defendant to do that which the ordinance provided to be unlawful for the operator of the automobile to permit to be done. The petition does not allege that defendant invited plaintiff to so ride, but alleges merely that plaintiff was so riding "with the knowledge, consent and acquiescence of the defendant." The natural inference, from the language of the petition, is that plaintiff was not only voluntarily so riding, but was doing so at his own request. We therefore hold that plaintiff was not at the time in the lawful use of the street within the meaning of this section. Moreover, there is no direct allegation of the violation of the provisions of this section.

Sec. 172-1 definitely says that its provisions are "for the safety of pedestrians and other vehicles." Plaintiff surely cannot be said to be included in the class of a "pedestrian" or of "other vehicles." Besides, there is no allegation of the violation of this section.

Sec. 172-16. As this section requires "signals to be made * * * in a way visible outside the vehicle," it surely was not intended that this section was for the benefit of those in or on the vehicle. There is also no allegation that defendant violated this section.

Moreover, a careful reading of the petition discloses that it contains not only no allegation that defendant violated any of said three sections, but also that there is no allegation that the injury to plaintiff proximately resulted from a violation of any of those sections. It therefore follows, not only that plaintiff does not belong to the class for whose benefit said three sections were enacted, but also that said sections are not pertinent to plaintiff's right of recovery under the other allegations of the petition, and are thus not properly a part of the petition.

This brings us to the consideration of §172-45, and subsection k thereof, about which the principal contention seems to arise.

It will be noted that the first paragraph of §172-45 simply provides that a motor vehicle shall not be operated "recklessly," and that subsection k designates two acts that shall be deemed reckless driving—one of which is the operation of a motor vehicle "with persons riding elsewhere than in the seat," which, of course, includes riding on the running board.

Plaintiff claims he is entitled to plead this particular section because he definitely alleged that it was being violated at the time of the accident, and that he may take advantage of that fact for the purpose of showing negligence per se on the part of the defendant. Said counsel further claim that, as the weight of authority is to the effect that to ride on the running board is not negligence as a matter of law, and as the provisions of this section are not against the one so riding, plaintiff was not negligent, but that, even though his riding on the running board could be said to be contributory negligence, since he has plead wanton negligence on the part of defendant in the violation of said section, contributory negligence on the part of plaintiff is not a defense as against wanton negligence, and that consequently said section is pertinent and should be plead; and that the court therefore erred in striking said section from the petition.

304

We do not agree with this contention.

First, it would seem to be elementary that, if, in the absence of a statute or an ordinance against it, it is not negligence in itself to ride on the running board of an automobile, it surely is not negligence for the operator of the automobile to permit one to so ride, in the absence of a statute or ordinance making it an offense to do so. Hence, but for the ordinance against it, it was not negligence for defendant to permit plaintiff to ride on the running board of his automobile.

It must be borne in mind that the mere violation of an ordinance is not in itself wanton, and that, accordingly, the mere allegation that the violation of an ordinance was wanton, does not make it so; to make it so, facts and circumstances must be alleged to show wantonness in so doing; and there is no such allegation in the petition.

It is thus apparent that, where it is made an offense by ordinance to permit one to ride on the running board of an automobile, and such one is injured while so riding, such person may not plead the violation of such ordinance solely for the purpose of proving negligence per se on the part of the operator of said automobile, and then, by the mere allegation that the violation of such ordinance is wanton negligence, claim that such operator of the automobile may not set up negligence or want of due care for his own safety on the part of such injured person.

Furthermore, while this section was no doubt enacted for the purpose of protecting the public generally from the results of reckless driving, and would probably apply to one riding with the operator of an automobile on the seat in a lawful manner, where an accident occurred by reason of driving with someone on the running board and thus injuring the person riding lawfully in the automobile, we do not believe that it can be said that it was enacted for the benefit and protection of the very person who induces and voluntarily participates in such driving, and but for whose conduct the ordinance would not have been being violated at the time the injury occurred.

This position is supported by the well-established principle of law that, if the occupant of an automobile acquiesces or participates in the negligence of the operator, he should not be permitted to recover for injury to himself resulting from such negligence. This principle is announced and followed in the following cases:

150 NW 332, at p. 334 (Mich.), Webber v Billings.

207 NW 706 (Wis.), Harding v Jesse.

92 Atl. 553 (Pa.), Senft v W. M. Ry Co.

101 SE 286 (S. C.), Langley v Sou Ry. Co.

171 Pac. 649 (Kan.), Fair v Union Trac. Co.

217 Pac. 1004 (Wash.), Hurley v City of Spokane.

It is also recognized in Ohio and followed in the very case which established the rule that the violation of an ordinance is negligence per se (Schell v DuBois, supra), when the court held that such violator was liable to the injured person only when such act of negligence was the direct and proximate cause of the injury, and when such injury was not directly contributed to by the want of due care on the part of the injured person. This same principle is also recognized in the case of **Hall v Meister, 42 Oh Ap 425 (12 Abs 104).**

Moreover, the allegations of the petition clearly show that the violation of said section was not the immediate and direct cause of the injury, although it may have been a cause without which the injury would not have occurred; rather, it appears from said petition that the speed at which the automobile was being driven in making a sudden sharp turn into an intersecting street was the direct, immediate and proximate cause of the injury; and there is no claim that plaintiff would have been injured from so riding but for said sudden fast turn.

It follows that the violation of said section 172-45, subdivision k, is not only not material to plaintiff's right of action, if any he may have had against defendant, but also that plaintiff, while riding on the running board, clearly did not belong to that part of the general public for whose benefit this section was enacted.

We therefore hold that it was not error to sustain the motion to strike.

The judgment will therefore be affirmed.

WASHBURN, PJ, and STEVENS, J, concur in judgment.