BERT HAMILTON, Appellee, v. A. J. BOYD, Appellant.

No. 42527.

SEPTEMBER 25, 1934.

Jones & White, and Richard C. Leggett, for appellant.

Thoma & Thoma, for appellee.

CLAUSSEN, J.—██ I. In an instruction on contributory negligence the court told the jury that contributory negligence was such act or omission to act on the part of plaintiff as amounts to a want of ordinary care which contributes proximately in any way or in any degree directly in producing the injury complained of. Proximate cause was defined as being the moving or producing cause without which the injury would not have occurred. The instruction on contributory negligence is erroneous. When read in connection with the instruction on proximate cause, it is clearly prejudicial. The relationship between plaintiff's injuries and his negligence need be no more than causal. Plaintiff's negligence, to prevent recovery, need not be a proximate cause of the accident. Towberman v. Des Moines City R. Co., 202 Iowa 1299, 211 N. W. 854; Hogan v. Nesbit, 216 Iowa 75, 246 N. W. 270; Hellberg v. Lund, 217 Iowa 1, 250 N. W. 192.

██ II. The court gave instructions in relation to the duty of a driver of a car to give a signal to drivers of following vehicles before changing the course of his car. The court also told the jury that the highway on which the accident took place was an arterial highway upon which the drivers of cars had the right of way over traffic on intersecting highways and that such fact should be taken into consideration by the jury in determining whether the car in which plaintiff was riding was driven at a reasonable rate of speed in approaching the intersection. The cars involved in the accident were approaching each other and were both being operated on an arterial highway. It is difficult to understand how either instruction was applicable to the case on trial. Law inapplicable to issues on trial should not be included in instructions to the jury, but the instructions were prejudicial to appellee rather than to appellant.

██ III. Appellant pleaded that the accident was the result of inevitable accident. The court instructed the jury that recovery could not be had if plaintiff's injuries were due to inevitable accident and were not the result of negligence. Appellant complains that the court did not define inevitable accident. He did not request an additional instruction on the subject matter. In the absence of such a request the instruction given was sufficient. In truth, the fact

situation is such that the collision was clearly due to negligence on the part of the drivers of one or both cars and was in no sense due to inevitable accident.

■ IV. Appellant moved for a directed verdict upon the ground among others that plaintiff was guilty of contributory negligence. The motion was overruled. At the time of the collision plaintiff and another individual were riding on the back of a coupe. They were seated on the rounded rear of the body of the car. They maintained their position there by bracing their feet against the spare tire and the bumpers of the car and by holding on to each other. Appellant's thought is that plaintiff assumed a position of danger and consequently was guilty of contributory negligence.

In the position in which plaintiff was riding he could not readily see the road ahead or caution the driver of the car of the approach of danger of which the driver of the car might be oblivious. We have held that a passenger in a car who is awake must make reasonable use of his senses in behoof of his own safety and may not surrender himself completely to the care of the driver of the car. Hutchinson v. Sioux City Service Co., 210 Iowa 9, 230 N. W. 387, 71 A. L. R. 91. But we have also held that one who falls asleep in a car is not guilty of contributory negligence as a matter of law. Fry v. Smith, 217 Iowa 1295, 253 N. W. 147. And see, also, Albert v. Maher Bros. Transfer Co., 215 Iowa 197, 243 N. W. 561. There is no inconsistency in these holdings for the person who is awake can use his senses while the party who is asleep cannot. It is held by some courts that the act of the passenger in falling asleep is negligence. Oppenheim v. Barkin, 262 Mass. 281, 159 N. E. 628, 61 A. L. R. 1228. But we have no difficulty in distinguishing between the character of the act of the waking person who rides on utterly oblivious of his surroundings although entirely capable of observing them and the act of the person who falls asleep and later finds himself surrounded with dangers of which he is unaware because of sleep. We have recognized that circumstances may exist which warrant the passenger in going to sleep. In this situation it is not an extension of the rule of our cases to hold that a passenger is not under the duty to ride in every circumstance in such position in the vehicle that he can observe the road ahead and warn the driver of danger. We think it was a fact question whether the plaintiff was guilty of contributory negligence in taking the position on the back of the car, from which he

could not see the road ahead or warn the driver of the approach of danger.

The rear window of the car was immediately ahead of plaintiff, and the force of the collision drove plaintiff's arm through the window causing the more serious injuries of which plaintiff complains. Appellant argues that such injuries were due to the fact that plaintiff voluntarily took a position of danger. Appellant cites many cases in which the plaintiff's injuries were due to a precarious position taken by him. The cases are not in point, for in such cases there would have been no untoward incident of any kind but for the fact that prior to the occurrence the plaintiff took a hazardous position resulting ultimately in the accident and its consequent injury. See Guilfoile v. Smith, 97 Conn. 271, 116 A. 237; Crider v. Yolande Coal & Coke Co., 206 Ala. 71, 89 So. 285; First Nat. Bank v. Sanders, 225 Ala. 417, 143 So. 578; Smith v. Ozark Water Mills Co., 215 Mo. App. 129, 238 S. W. 573; Wheeler v. Wall, 157 Mo. App. 38, 137 S. W. 63; Fussellman v. Wabash R. Co., 139 Mo. App. 198, 122 S. W. 1137; Woodson v. Metro. St. Ry. Co., 224 Mo. 685, 123 S. W. 820, 30 L. R. A. (N. S.) 931, 20 Ann. Cas. 1039; Schomaker v. Havey, 291 Pa. 30, 139 A. 495, 61 A. L. R. 1241; Roth v. Barrett Mfg. Co., 96 Wis. 615, 71 N. W. 1034; Storr v. New York Cent. R. Co., 261 N. Y. 348, 185 N. E. 407; Gleason v. Fire Protection Eng. Co., 127 Cal. App. 754, 16 P. (2d) 750; Hall v. Meister, 42 Ohio App. 425, 182 N. E. 350; Walker v. Southern Adv. Bag & Paper Co. (La. App.) 150 So. 865; Fordyce v. White Star Bus Lines, 304 Pa. 106, 155 A. 98; Fulker v. Pickus, 59 S. D. 507, 241 N. W. 321. In the case at bar the collision would have occurred regardless of where plaintiff was riding. In this situation it becomes merely a matter of speculation whether, if plaintiff had been riding in some other place in or on the car, he would not have been injured. True, he might not have been injured by having his arm thrust through the rear window, if he had been riding in the car, but he might have been even more seriously injured. Plaintiff's injuries were due to the collision. As a matter of law, the position in which plaintiff was riding was not causally related to the collision. The weight of authority and sound principle sustain the action of the lower court in submitting the question of contributory negligence to the jury. Piateck v. Swindell, 84 N. H. 402, 151 A. 263; Koss v. A. Geo. Schulz Co., 195 Wis. 243, 218 N. W. 175; Rose v. Cartier, 45 R. I. 150, 120 A. 581; Murray v.

Cohen, 132 A. 221, 4 N. J. Misc. 139; Gornstein v. Priver, 64 Cal. App. 249, 221 P. 396.

■ V. Over objection plaintiff was permitted to testify that the driver of the car on which plaintiff was riding was a careful driver. This evidence was clearly, improperly admitted. It was not admissible as tending to prove that the driver was free from negligence and plaintiff could not relieve himself from any duty of care resting upon him by proof that the driver of the car was a careful driver. See generally, In re Estate of Hill, 202 Iowa 1038, 210 N. W. 241.

VI. Appellant complains that the verdict is excessive. We have concluded that the judgment of the trial court must be reversed and consequently we need not pass upon this matter.

For reasons indicated above, the judgment of the trial court is reversed.—Reversed.

MITCHELL, C. J., and EVANS, STEVENS, ALBERT, KINDIG, DONEGAN, and ANDERSON. JJ., concur.