## RAILROAD *v.* KELLY.

### (*Knoxville.*    October 13, 1892.)

1. COMMON CARRIER.  *Liability for goods destroyed by fire at depot of destination.*

Common carrier had shipped goods to destination and deposited them in its depot at that point.   The goods remained in the depot for four days, and were destroyed by fire on the fifth day.   On each of the four or five days the consignee's drayman inquired of the carrier's agent for the goods, for the purpose of removing them, and was informed they had not arrived.   The fire was not shown to have resulted from the carrier's negligence.

*Held :* The carrier is liable to the consignee for the value of the goods. His liability is, however, that of a warehouseman, not that of a carrier.   His negligence consists, not in causing the fire, but in unnecessarily exposing the goods to its ravages.

Cases cited and approved: Butler *v.* Railroad, 8 Lea, 32 ; Express Co. *v.* Kaufman, 12 Heis., 165; Lancaster Mills *v.* Merchants' Cottonpress Co., 89 Tenn., 35, 36; Railway Co. *v.* Manchester Mills, 88 Tenn., 653.

2. SAME.  *Same.*

Under the rule adopted in Tennessee, a common carrier ceases to be liable as carrier *eo instanti* with the deposit of the goods in the depot of destination.   Thereafter his liability is that of warehouseman.

Cases cited and approved: Butler *v.* Railroad, 8 Lea, 32; Express Co. *v.* Kaufman, 12 Heis., 165.

3. SAME.  *Same.  Proximate cause.*

The common carrier's negligence is the proximate cause of the loss, and he is liable as warehouseman for the value of the goods, where they were destroyed by fire not imputable to his negligence, after their deposit in the depot of destination, and after the consignee had demanded them and had been erroneously informed by the carrier's agent that they had not arrived.   The negligence that caused the loss consisted in withholding the goods and exposing them to the fire.

Railroad *v.* Kelly.

Cases cited and approved: Deming & Co. *v.* Merchants' Cotton-press-Co., 90 Tenn., 353; Railroad *v.* Manchester Mills, 88 Tenn., 653; Lancaster Mills *v.* Merchants' Cotton-press Co., 89 Tenn., 35, 36; Railroad *v.* Campbell, 7 Heis., 258; 16 Am. and Eng. R. Cases, 272; 23 *Id.*, 481; 82 N. Y., 413.

Cited and distinguished: Lamont & Co. *v.* Railroad, 9 Heis., 58.

4. MEASURE OF DAMAGES. *For total loss of goods in carrier's possession.*

Measure of damages for total loss of goods, caused by the carrier's negligence while they remained in the depot of destination, is the market value of the goods at that place at date of their destruction.

Cases cited and approved: Dean *v.* Vaccaro, 2 Head, 489; Erie Dispatch *v.* Johnson, 87 Tenn., 490; 117 U. S., 322; 111 U. S., 585.

---

### FROM HAMILTON.

Appeal in error from the Circuit Court of Hamilton County. JOHN A. MOON, J.

LEWIS SHEPARD for Railroad.

ROBT. P. WOODARD and W. G. M. THOMAS for Kelly.

CALDWELL, J. This suit was brought by J. W. Kelly, before a Justice of the Peace, to recover from the East Tennessee, Virginia and Georgia Railway Company the value of five barrels of whisky. He recovered judgment for $492, and, on appeal, the Circuit Judge, sitting without a jury, affirmed the Magistrate's judgment, adding interest thereto.

The railway company has appealed in error, and in this Court, as below, denies its liability, either as *common carrier* or *warehouseman*.

Kelly purchased five barrels of whisky in New York, and caused them to be consigned to himself at Chattanooga, his place of business. The East Tennessee, Virginia and Georgia Railway Company was the last carrier over whose line the goods passed. On April 24, 1891, that company unloaded the whisky from its car, and stored the same in its depot at Chattanooga, where it remained until the morning of the twenty-ninth of the same month, when it was destroyed by fire.

Kelly, through his drayman, called at the depot and demanded the whisky on April 25, 26, 27, and 28, generally twice a day, and was each time told by the company's agent that it was not there.

How the fire was produced is not disclosed.

Under these facts, the railway company is not liable as a *common carrier*. Its carrier responsibility terminated when the goods were safely stored in its depot, and before they were destroyed. *Butler v. Railroad Co.*, 8 Lea, 32; *Express Co.* v. *Kaufman*, 12 Heis. (last paragraph), 165.

We are aware that the authorities are in a state of irreconcilable conflict upon this question, several of the States having followed the lead of Massachusetts in holding that the liability of the common carrier, as such, is ended when the transportation is completed and the goods are safely stored, and several others having given their sanction

to the doctrine announced in New Hampshire, to the effect that the carrier responsibility continues until the consignee has had a reasonable opportunity, after the arrival of his goods, to receive them.

Discussion of the respective considerations upon which the two rules are rested by their opposing adherents, will not be indulged in this opinion, since this Court has heretofore adopted the Massachusetts rule, and no sufficient reason for changing the precedent already established is perceived.

The cases of *Butler* v. *Railroad Co.*, 8 Lea, 32, and *Express Co.* v. *Kaufman*, 12 Heis., 165, have been followed in several unreported cases, the last of which was *E. T., V. & G. Ry. Co.* v. *Gettys*, decided at present term.

In second American and English Encyclopedia of Law, pages 391–394, the two rules are stated, and many of the decisions in support of each cited. Tennessee is there erroneously referred to as one of the States adopting the New Hampshire doctrine. See also, on same subject, Story on Bailments, Sec. 543; Schouler's Bailments and Carriers, Secs. 512–514; and Hutchinson on Carriers (2d Ed., by Meacham), Secs. 367 to 374, inclusive. The last author, in Section 370, correctly places Tennessee among the States following the Massachusetts rule.

Then, as to these goods, at the time of their destruction, the railway company had ceased to be a common carrier with the liability of an insurer, and had assumed the less hazardous position of warehouseman, in which it was bound to use ordi-

nary care and diligence only, and was responsible alone for the consequences of its negligence. Schouler, Bail. and Car., Secs. 101 and 513; *Lancaster Mills* v. *Merchant's Cotton press Co.*, 5 Pickle, 35, 36.

Is the railway company liable as warehouseman? If the loss resulted from its negligence as the proximate cause, yes; if not, no; for the doctrine of proximate and remote cause applies here, as in any other case where negligence is the ground of action. The burden of showing negligence, and its causal connection with the *loss*, was upon the plaintiff. Schouler's Bail. and Car., Sec. 101; 5 Pickle, 35, 36; 4 Pickle, 653; Hutchinson on Carriers (2d Ed.), Sec. 767.

In this case, there is no proof as to the cause of the *fire;* hence, the defendant is not chargeable with negligence in causing it. Mere proof of the fire and destruction of the goods does not show negligence. *Railway Co.* v. *Manchester Mills*, 4 Pickle, 653; 5 Pickle, 36. Therefore, if the plaintiff succeed, he must do so without reference to the cause of the fire.

It is distinctly shown that he demanded the goods several times, and that the defendant, without sufficient excuse, failed to deliver them. That alone makes a clear case of negligence; but, manifestly, that negligence did not cause the fire. Did it, nevertheless, proximately cause the loss of the goods?

The *fire* and the *loss* may have had different causes. The fire destroyed the goods, but it does

not follow that the cause of the fire and the cause of the loss to plaintiff were one and the same in legal contemplation; they may have been entirely different. The failure to deliver the goods when demanded did not cause the fire, but it did cause the loss in such sense that they would not have been lost without the failure. Had the defendant delivered the goods, they would have been removed and the loss averted. The negligent and wrongful detention of the goods, and that alone, exposed them to the fire; and, but for that detention, they would not have been destroyed, though the fire did occur. Thus, it becomes obvious that the negligence of the railway company was the proximate cause of the loss. The causal connection between the failure to deliver the goods and the injury to the plaintiff is complete.

In a late case, where a train broke in two, thereby exposing cotton, on the rear section, to a fire, which consumed it, this Court, speaking through Judge Snodgrass, said:

" The proximate cause of an injury may, in general, be stated to be that act or omission which immediately causes or fails to prevent the injury; an act or omission occurring or concurring with another, which, had it not happened, the injury would not have been inflicted, notwithstanding the latter. Illustrating by these facts: It is true the fire destroyed the cotton, and in that sense caused the loss, but it appears that, notwithstanding the occurrence of the fire, the cotton would not have

been burned by it had not the breaking of the train while it was being removed happened, so that, but for this fact, the cotton would have been saved. This [the breaking of the train] must therefore be held to be the proximate cause of the loss, and, if it was the result of negligence, the carrier must answer for it." *Deming & Co. v. Merchants' Cotton-press,* 6 Pickle, 353.

That definition and illustration of proximate cause is conclusive of this case. There, as here, the fire which consumed the goods was caused without the fault of the defendant, and there, as here, the goods became exposed to the fire through the negligence of the defendant, but for which the injury would not have been inflicted. There, as here, that negligence, and not the fire or its cause, proximately caused the loss to the owner.

*Lamont & Co. v. N. & C. R. R. Co.,* 9 Heis., 58, is not in conflict with the case last cited, or the decision here made.

Our attention has been called to several cases from other States.

In that of *Burlington & M. R. R. Co. v. Arms,* decided by the Supreme Court of Nebraska, and reported in sixteenth American and English Railroad Cases, 272, the consignee called for his goods several times after their arrival, and was told each time, by the company's agent, that they had not been received. Thereafter, without any other negligence on the part of the company, its depot was

45—7 P

burned and the goods destroyed. The owner re-covered the value of his goods.

In *Falkner* v. *Hart*, 82 N. Y., 413, the goods were called for upon arrival at destination, but delivery was refused until the next day, because it was not "convenient" then to deliver them. The warehouse and goods were destroyed that night by fire. The defendant was held liable for the loss.

In *K. C., Ft. S. & G. R. R. Co.* v. *Morrison*, a Kansas case, reported in twenty-third American and English Railroad Cases, 481, the owner de-manded his trunk, and was informed it had not come, when, in fact, it had come. The company's depot was subsequently entered, the trunk broken open and robbed by burglars, without fault of the company. The owner obtained judgment for the contents of his trunk.

In *Richmond & Danville R. R. Co.* v. *Benson*, 86 Ga., 203 (S. C., 22 Am. St. R., 446), there was a deviation in route of shipment, causing some delay, and, after arrival of the goods, demand was made and delivery refused. The goods were there-after destroyed in the depot by an unprecedented flood, and, upon suit being brought, the company was held liable for their value.

Though decided upon similar facts, those cases are not of much importance here, because in each of them the defendant was adjudged liable as common carriers, and that without reference to the question as to whether or not its negligence proxi-mately caused the injury. In the Georgia case

Railroad *v.* Kelly.

the Court said that the wrongful acts of the company constituted a conversion of the goods. A mere inadvertent statement by the agent to the owner demanding goods then in the company's depot, that they have not arrived, is not a conversion.  *L. & N. R. R. Co.* v. *Campbell*, 7 Heis., 258.

For the reasons stated, the railway company is liable, in this case, as warehouseman.

The goods having been totally destroyed, the measure of damages was the value of the goods at Chattanooga.  Hutchinson on Carriers, Sec. 769; *Phœnix Ins. Co.* v. *Erie Transp. Co.*, 117 U. S., 322; *M. & M. Ry. Co.* v. *Jurey*, 111 U. S., 585; *Dean* v. *Vaccaro*, 2 Head, 489; *Erie Dispatch* v. *Johnson*, 3 Pickle, 490.

Affirm the judgment with costs.