## Arthur J. Rose *vs.* Alberic Cartier.

APRIL 26, 1923.

Present: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Automobiles. Negligence.*

A driver of an automobile is guilty of negligence if in passing another car which was maintaining a straight course he so carelessly managed or directed his own car that a collision resulted or if he made the attempt to pass at a time or under conditions which would not be reasonably safe and prudent.

*(2) Automobiles. Contributory Negligence.*

Where the place which plaintiff occupied in his car would ordinarily be reasonably safe, his failure to anticipate a collision from defendant's car would not be a want of due care but in any event the question of his negligence under such circumstances would be one for the jury and not for the court as a matter of law.

*(3)   Automobiles.   Question of Fact.*

Evidence that the morning following an accident, the then driver of the car
which was in the accident exhibited a license in the name of defendant
accompanied by the statement that he was the driver of the car the pre-
ceding day with other statements concerning the accident was sufficient
to present a question of fact for the jury as to the operator of the car  at
the time of the accident.

*(4)   Automobiles.   Parties.*

An action can be brought against the person driving a car at the time of an
accident even though it may have been owned and was being used in a joint
undertaking with another person.

TRESPASS ON THE CASE for negligence.   Heard on excep-
tions of defendant and overruled.

VINCENT, J.   This is an action of trespass on the case
for negligence to recover damages for personal injuries.

The declaration is in one count and alleges that the
defendant was the driver of an automobile which he so
negligently controlled and managed that it was driven
against another automobile or truck in which the plaintiff
was riding, such collision resulting in throwing the plaintiff
out and causing him personal injury.

The case was tried in the Superior Court before a justice
thereof sitting with a jury and a verdict was rendered for the
plaintiff in the sum of $500.

The motion of the defendant for a new trial was heard
and denied.   The case is now before us upon the exceptions
of the defendant, (1) To the refusal of the trial justice to
direct a verdict for the defendant, (2) To that portion of the
charge of the court in which it was stated to the jury that
it was not necessary in order for the plaintiff to recover that
the defendant himself should have been actually operating
the automobile at the time of the accident, and (3) That the
court erred in denying the motion of the defendant for a new
trial.

The plaintiff at the time of the accident was on the way
to his work.   He was riding in a Ford truck with three
other men.   The driver and one of the other men occupied
the driver's seat in the cab.   The plaintiff was seated in

front and upon the floor of the truck with his feet on the running board.

While the plaintiff was in this position the car of the defendant coming from behind and attempting to pass upon the left side of the truck collided therewith with such force that the steering wheel of the truck was wrenched from the hands of the driver and the plaintiff was thrown to the ground, the left rear wheel of the truck passing over and breaking his leg.

An examination of the transcript discloses that there is testimony from which the jury might find that there was negligence on the part of the defendant. He was attempting to pass the truck which, according to the statement of its driver, was maintaining a straight course. If that were so the defendant would be guilty of negligence if he so carelessly directed or managed his automobile that a collision resulted or if he made the attempt to pass at a time or under conditions which would not be reasonably safe and prudent.

We do not think there is any merit in the claim of the defendant that the plaintiff was guilty of contributory negligence. The place where the latter was riding would ordinarily be reasonably safe. It could not be said that the plaintiff's failure to anticipate a collision from the defendant's car would be a want of due care. At any rate the question of the plaintiff's negligence under such circumstances would be one for the jury and not for the court as a matter of law.

The defendant further claims that there is no testimony from which the jury could find that the defendant was driving the automobile at the time of the accident. We think however that the testimony of the police officer to the effect that on the following morning, the then driver of the car, exhibited a license in the name of the defendant, accompanied by the statement that he was the driver of the car on the preceding day; that he felt the machine strike something but did not stop because he did not think he had done any damage, was sufficient to present a question of fact for the jury as to who was operating the car at the time of the accident.

The plaintiff had the right to bring and to maintain his suit against the person driving the car at the time of the accident even though it may have been owned and was being used in a joint undertaking with another person. The declaration is against the defendant Alberic Cartier and charges him with negligence. The jury evidently found him guilty as the driver of the automobile, and the verdict is supported by testimony.

We do not think that in this view of the case the exception of the defendant to the charge of the trial justice need be further discussed.

The exceptions of the defendant are all overruled and the case is remitted to the Superior Court with direction to enter judgment for the plaintiff on the verdict.

*Walling & Walling,* for plaintiff.
*Quinn & McKiernan,* for defendant.