## L. J. CECIL, PLAINTIFF IN ERROR, v. J. E. JERNIGAN et al.

Middle Section.   January 24, 1927.

No petition for Certiorari was filed.

1. **Trial. Nonsuit. Court may vacate its judgment and grant a nonsuit.**
Where the court entered its judgment sustaining a demurrer, and later vacated the judgment sustaining the demurrer, and allowed a nonsuit to be taken, held that having vacated its judgment the former status before it had been finally submitted was restored and the court had power to grant a nonsuit.

2. **Contribution. There is no contribution by joint tort-feasors.**
A covenant by an injured person not to sue one of two joint tort-feasors does not affect the liability of the other and does not entitle the other to credit for the amount received for the covenant, since the consideration is not a satisfaction for the claim for damages and the other tort feasor would have no cross-action against the one to whom the covenant was given.

3. **Carriers. Negligence. Carriers of passengers for hire bound to exercise highest degree of care.**
Carriers of passengers for hire are liable for injuries proximately resulting from the defects in their cars. While they are not insurer of the safety of the passengers they are bound to exercise the highest degree of care consistent with the nature of the business. A safe and proper vehicle subject to easy control and management must be provided.

4. **Negligence. Proximate cause of injury. Evidence held to show defendants' negligence was proximate cause of injury.**
In an action to recover for personal injuries where the evidence showed that the plaintiff was a passenger riding on the side of the defendant's motor car and that a wheel coming off of the car threw him into the road where he was hit by another car before he could recover his balance, held that the breaking of the taxi driver's car was the proximate cause of plaintiff's injury and defendant was liable therefor.

5. **Negligence. Passenger riding upon foot board of a jitney bus with consent of driver held not guilty of contributory negligence.**
Where a passenger was riding on the running board of a jitney bus with the consent of the driver and because there was no room in the car for him, held that he is not guilty of such contributory negligence as will bar his right of action against another who negligently collides with the car.

6. **Negligence. Jitney bus driver permitting passenger to ride on running board must exercise care for his safety.**
Where a jitney bus driver permits a passenger to ride on the running board of his car he is bound to use ordinary care not to increase the hazard.

Appeal in Error from Circuit Court, Davidson County; Hon. A. B. Neil, Judge.

Reversed and remanded.

Charles L. Cornelius and E. J. Walsh, of Nashville, for plaintiff in error.

Roberts & Roberts, of Nashville, for defendants in error.

DeWITT, J.   On or about June 3, 1921, the plaintiff, L. J. Cecil, was seriously injured by being struck and run over by an automobile belonging to Charles F. Denson while it was being driven by his daughter, Miss Bessie Denson, on the Dickerson Road several miles from the City of Nashville.   The plaintiff, who lived five miles from the city, was traveling toward his home upon an automobile or jitney owned by the defendant, Jernigan, and operated by his wife. He boarded the jitney at the end of the First Street car line near the city limits, paid a fare of fifteen cents and had with him a block of ice in a sack.   The car was crowded with passengers.   He was told that he could ride if he could get on the car.   He stood on the left-hand running board of the car and held his sack of ice thereon. A short distance further, Mrs. Jernigan stopped the car because something was wrong with the left rear wheel, it was smoking, and a mechanic, who was a passenger, worked on it for a few moments, then it proceeded for about two miles when this left-hand rear wheel suddenly came off while the car was going up a slight grade.   The wheel came off because the bearings were too tight.   Plaintiff was thrown off the car on to the highway and while taking one or two steps in order to regain his balance he was struck by the Denson car coming toward the city in the opposite direction.

Plaintiff instituted this suit on November 14, 1923.   Early in 1922, he had instituted suit against Charles F. Denson and his daughter, Bessie Denson, and Mr. and Mrs. Jernigan.   Demurrers were interposed by all the defendants.   These demurrers are not in the record before us but they are referred to in the pleadings and in a copy of an order in that cause.   On November 17, 1922, the cause was heard on the demurrers.   During the argument the plaintiff on his motions was successively allowed to amend his declaration three times, the demurrers being treated as filed each time to the amended declaration and then being sustained.   The fourth amendment, however, applied only to defendant Denson.   The plaintiff applied for leave to take a non-suit as to the Jernigans and this was allowed.   The order then recites that it was "thereupon ordered that said fourth amended declaration be filed as to the defendants, Densons, and that a non-suit be entered as to defendants, Jernigans.   The court reconsidering his action and disallowing a non-suit as to the defendants, Jernigans, to which action of the court each and all of the defendants excepted."   This is the language as given in the bill of exceptions; but in the original copy of the order which is made a part of the record and sent up with the transcript, the last quoted sentence, interlined in the handwriting of the judge, contains a character commonly used for the word "and" between the words "action" and "disallowing," which character might be read as the word "in."   Construing this language it must be concluded that

the trial judge reconsidered his action, both in sustaining the demurrer and disallowing the non-suit, for it is distinctly recited that the court did allow a non-suit to be entered as to defendants, Jernigans. The very fact that defendants, Jernigans, excepted to this allowance of a non-suit confirms this conclusion, for if it had been a dismissal of the suit on its merits they would not have excepted. They took no appeal from this action. If it was erroneous it nevertheless was the order of the court and must stand because it was not reviewed.

We are not in position to apply section 4691 of Shannon's Code, as construed in Railroad v. Sansom, 113 Tenn., 683, 84 S. W. 615, to the effect that a non-suit cannot be taken after the cause is submitted to the court on demurrer, because when the trial judge reconsidered his action his judgment was still in the breast of the court, was subject to his control and was vacated by him; so that the former status when it had not been finally submitted was restored. In Legere v. State, 111 Tenn., 368, 77 S. W. 1059, it was held that after motion for new trial had been overruled, and an appeal granted, the court had the power to set aside the granting of appeal and his order overruling the motion, to reconsider the motion and give an opportunity to the defendant to submit affidavits as to newly discovered evidence as a ground for new trial. Upon the same principle we hold that it was within the power of the court to vacate the said judgment sustaining demurrer and allow a non-suit to be taken.

In the cause before us the court overruled a motion made by defendants for peremptory instructions in their favor, holding that the jury should decide whether or not the injuries were the natural and proximate result of the negligence of the defendants. The jury returned a verdict in favor of plaintiff for $2,000. An elaborate motion for a new trial was made.

As to the action of the court upon this motion the recital is as follows:

"The court sustains the third ground of said motion, and upon said ground and for the other reasons stated in the motion for a directed verdict, which reasons are fully set forth in said motions, sets aside the verdict of the jury and the judgment of the court thereon and dismisses this suit at the cost of the plaintiff."

The third ground, thus specifically mentioned, was that the suit was barred because:

    (a) Not brought within one year after the date of the alleged injury;

    (b) A demurrer to the declaration filed in former suit by this plaintiff against these defendants, and others, for the same

cause of action was sustained by this court and this suit was therefore, dismissed on demurrer on the merits, and no appeal was taken from the judgment of the court thereon, after which order was finally entered, this suit was brought by this plaintiff for the same cause of action; while same former order remains in full force and effect.

For the reasons hereinabove given we are of the opinion that the trial judge was in error in sustaining the third ground of the motion for new trial.

On November 14, 1923, less than one year after the non-suit was taken, plaintiff instituted this suit against the Jernigans upon the same cause of action. The former suit was continued against the Densons until April 7, 1924, when plaintiff entered into a covenant not to sue with them under which they paid to the plaintiff the sum of $500 and paid the costs of the cause. That suit was dismissed. It was expressly agreed that said covenant was not intended as a release of plaintiff's claim or right of action against the Jernigans. All of said parties were sued as joint tort-feasors. The covenant in writing was of the same character and form as that construed and applied in Smith v. Amusement Company, 128 Tenn., 112, 157 S. W. 900, so that it must be taken as not operating in satisfaction of the liability of the Jernigans. It is insisted in behalf of the defendants that it should so operate, but we are unable to distinguish the case on this question from the said case of Smith v. The Amusement Company. It was further insisted on the trial of this cause that the sum of $500 and the amount paid for costs under this agreement should be deducted from any recovery awarded to plaintiff against the Jernigans; but such insistence could not be upheld, under the holding in Nashville Interurban Railroad Company v. Gregory, 137 Tenn., 422, that a covenant by an injured person not to sue one of two joint tort-feasors does not affect the liability of the other and does not entitle the other to credit for the amount received for the covenant, since the consideration is not a satisfaction for the claim for damages and the other tort-feasor would have no cross-action against the one to whom the covenant was given.

The plaintiff insists that the proximate cause of his injuries was the negligence of defendants in operating a defective automobile; that the accident of the wheel coming off set the plaintiff in motion by a force from which he could not recover before he was struck by the other car, and without this force he would not have been struck, and that the injury by the other car was a natural and probable consequence which might with reasonable intelligence have been conceived. The defendants insist that the injuries were due to an intervening human agency which entirely superseded the original cause, and that they could not have been naturally and probably expected

to occur. Both of these positions embody correct rules of law when properly applied to the facts of a given case.

In Anderson v. Miller, 96 Tenn., 44 33 S. W. 615, it was said that definitions of proximate cause are easily given in general terms, but they are different in practical application to the facts of each particular case. In the record before us there is substantial evidence that when the plaintiff was actually struck by the Denson car he had taken only one or two steps while trying to recover his equilibrium from being thrown from the defendants' car suddenly to the highway; that he had not recovered control of himself; that the Denson car struck him almost in an instant after he had been thrown upon the highway; and that automobiles were frequently passing on said highway in both directions. It is evident that it was dangerous for one to be thus standing upon the highway and toward the middle of it for it was likely that he would be struck by a car passing in the opposite direction.

Primarily there could be no question of the liability of defendants, as carriers of passengers for hire, for injuries proximately resulting from the defect in their car. While he is not an insurer of the safety of a passenger, the carrier is bound to exercise the highest degree of care consistent with the nature of his business. A safe and proper vehicle subject to easy control and management must be provided. A default in such particulars resulting in the infliction of injury renders the motorist liable in the same degree as for negligent driving. Babbitt on Automobiles, secs. 319, 340 and 341.

The question whether the injuries of plaintiff resulted proximately from the negligence of the defendants or from the collision with the Denson car was submitted to the jury, but there being no substantial conflict in the testimony the trial judge apparently held on the motion for new trial that the motion for peremptory instructions should have been sustained. He evidently took the view that the injuries were due to an independent intervening agency sufficient of itself to stand as the cause and not arising from the original act of negligence. In this view, we think that he was in error. We do not think that the intervening act broke the casual connection between the original act and the injury and became itself the direct and immediate cause thereof. The force which was set in motion by the negligence of the defendants was still in operation when the plaintiff was struck, and the plaintiff at that moment was still unable to control that force so as to avoid the injury. The trial judge evidently did not take into consideration the distinction between the proximate cause of the accident and the proximate cause of the injury resulting from the accident. With this distinction in view the question of liability of the defendants is more easily solved. It is applied in a line of cases in our reports:

In Anderson v. Miller, supra, in which an unauthorized storage of cotton in a building was held to be the proximate cause of loss of the cotton instead of the fire which destroyed it and the building in which it was stored;

In Deming v. Cotton Compress Company, 90 Tenn., 353, 17 S. W. 89, in which the breaking of a train while cotton was being removed from a burning building was held to be the proximate cause of the loss of cotton instead of the fire which destroyed it;

In Railroad v. Kelly, 91 Tenn., 699, 20 S. W. 312, in which the negligent failure and refusal to deliver the goods on demand previous to a fire was held to be the proximate cause of the loss instead of the burning of the warehouse;

In Postal Telegraph Company v. Zopfi, 93 Tenn., 374, 24 S. W. 633, in which the negligence of the telegraph company in leaving a pole across a path was held to be the proximate cause of the injury to the plaintiff instead of the wet condition, due to rain, of a platform which she had to reach by an unusual effort due to the presence of the pole across the path;

In French v. Knoxville Railway & Light Company, decision by Court of Civil Appeals, January 25, 1923, in which negligence of defendants in piling brick and other building material upon a sidewalk, forcing plaintiff, a pedestrian, to walk around the same into the street, was held to be the proximate cause of injury to the plaintiff instead of the operation of a street car in striking her. The court quoted with approval the following from Atchison, etc., Railway Company v. Calhoun, 213 U. S., 7, 53 L. Ed., 671:

"If the misconduct is of a character which, according to the usual experience of mankind, is calculated to induce or invite the intervention of some subsequent cause, the intervening cause will not excuse him, and the subsequent mischief will be held to be the result of the original misconduct. This is on the ground that one is held responsible for all the consequences of his act which are natural and probable, and ought to have been foreseen by a reasonably prudent man."

The general rule, well settled in Tennessee, is that where two causes proximately contribute to an injury sued for, for only one of which defendant is responsible, and with the other of which neither party is chargeable, the defendant must be held liable. If two acts or forces concur as the proximate causes in producing an injury, the defendant, if responsible for either of them, and it is unlawful, is liable for the resulting damages. Where the wrongful acts of two or more persons concur as proximate causes of injury, the wrongdoers are liable jointly or separately and the fault of one is no defense for the other or others. Columbia & Bigby Turnpike Company

v. English, 139 Tenn., 634, 202 S. W. 925; Railroad v. Kelly, supra; Postal Telegraph Company v. Zopfi, supra; Beopple v. Railroad, 104 Tenn., 420, 585 S. W. 231; Railway Company v. Shelton, 89 Tenn., 423, 14 S. W. 863; 17 L. R. A., 35.

The proximate cause is ascertained by determining the proximate cause without regard to its time or place. In Woodcock v. Hallock (Vt.), 127 Atl., 380, it was well said that no ultimate has been or ever can be formulated that will solve this question in every case and that this results from the variant circumstances attending accidental injuries; that the determination of what is a proximate and what is a remote cause is more a matter of analysis and synthesis than of definition. The problem cannot be solved by mere abstractions. We are unable to ignore the fact that when the plaintiff was struck he was in a place of danger and under a force produced by the negligence of the defendants. Whether or not this negligence was the proximate cause of the injuries, and whether or not, under the particular circumstances, the danger or the casualty could reasonably have been anticipated by the defendant who was operating the automobile, would, in our opinion, be questions for the jury to determine. This is likewise true as to the question of contributory negligence of the plaintiff in riding on the running board of the automobile, as the proximate cause. The court properly instructed the jury that if they should find and believe that plaintiff was riding on the running board of defendants' car with the driver's permission and knowledge, and while thus riding he was guilty of negligence in that he failed to exercise necessary care and prudence for his own safety, and his fall from the automobile, or if he was thrown therefrom, and his precipitation into the roadway, was proximately caused by his own negligence, then the suit would fail. The court further charged the jury that if they should find that the plaintiff was guilty of some negligence but that this negligence did not directly or proximately contribute to the injury, this fact alone would not defeat a recovery altogether but it must be taken into consideration by them and a proper deduction must be made from the amount of damages they would otherwise allow. Thus the court originally left these questions to the jury, and his final action in sustaining the motion for peremptory instructions was in our opinion error, if it was based upon contributory negligence of the plaintiff as the proximate cause. We are of the opinion that under the evidence the jury could properly have determined that the plaintiff's negligence was not the proximate cause. This is a question to be determined under all circumstances set forth. In Hull v. Simmons, 7 Tenn., C. C. A. 351, it was held that it cannot be ruled as a matter of law that a passenger riding upon the footboard of a jitney bus is guilty of such contributory negligence as will bar his right of action against another who jambs

him by the negligent colliding of the car with the one on which he is riding; in other words, that it is not negligence per se for a passenger to assume such a position because of the crowded conditions in the car. The defendant, Mrs. Jernigan, knew that the plaintiff was on the running board, consented to his riding there in a position of some peril, and she was bound to use ordinary care not to increase the hazard. In cases of this character the weight of authority is that while the position of the plaintiff afforded opportunity for the defendant's negligence to have produced the injury more easily, it would not preclude a recovery or authorize peremptory instructions for the defendants; that the question of plaintiff's negligence as a bar to the action is a question for the jury. Moore v. Hart (Ky.), 188 S. W., 861; Rose v. Cartier (R. I.), 120 Atl., 581; Grabau v. Pudwill (N. D.), 178 N. W., 124; Rook v. Schultz (Ore), 198 Pac. 234.

We are not dealing with the case of a trespasser, or a mere guest, or a passenger who could have found room inside the car. The rule is that if no danger existed in the condition except because of the independent cause such condition was not the proximate cause. 29 Cyc., 496. The condition was not such that the injury might have been anticipated by the plaintiff. He was riding where ordinarily he would have been reasonably safe. His failure to anticipate an accident would not be a want of due care under the circumstances. Rose v. Cartier, supra.

For the reasons thus given we are of the opinion that the trial judge was in error in sustaining the motion for peremptory instructions. But as the verdict of the jury has not been approved by the trial judge, the cause will be remanded to the circuit court for a new trial. The judgment of the circuit court is reversed and the cause will be so remanded. Costs of the appeal will be adjudged against the defendants. The costs in the court below will abide the result of the trial in the circuit court.

Faw, P. J., and Crownover, J., concur.